UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11743-GAO

SHAWN BELL,
Plaintiff,

v.

STATE OF MARYLAND,
Defendant.

ORDER

O'TOOLE, D.J.

Plaintiff Shawn Bell, appearing pro se brings this action against in which she alleges that the "State of Maryland" in responsible for numerous injuries she has suffered because of the misconduct of public employees. The plaintiff claims that the defendant, inter alia, falsely detained her, stole her property, failed to provide adequate medical care after being severely injured while detained, and denied her adequate legal representation. Bell, who states that she resides in Boston, Massachusetts, identifies the State of Maryland as the sole defendant. For the following reasons, the Court transfers this action to the United States District Court for the District of Maryland.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Bell asserts claims arising from events and proceedings that occurred in Maryland.  Because the defendant does not reside in this District and Shawn does not allege that a substantial part of the events or omissions giving rise to her claims arose in this District, venue is not proper in this Court under 28 U.S.C. § 1391(b).  See, e.g., Aname v. Florida, 169 Fed. Appx. 524, 528 (10th Cir. 2006) (upholding dismissal of lawsuit for improper venue; plaintiff had brought suit in the District of New Mexico against the State of Florida and others for civil rights violations stemming from his arrest, conviction and incarceration in Florida).  The plaintiff's claims arose in Maryland.  Accordingly, venue lies in the District of Maryland, see 28 U.S.C. § 1391(b), and the Court transfers this action to the United States District Court for the District of Maryland, see 28 U.S.C. § 1406(a).

    The Clerk of Court is directed to transfer this action to the United States District Court for the District of Maryland.  Whether Bell should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.  A summons shall not issue from this Court.  This order closes this case.

    SO ORDERED.

| | |
|---|---|
|  10/14/2016 | /s/ George A. O'Toole, Jr. |
| DATE | GEORGE A. O'TOOLE, JR. |
| | UNITED STATES DISTRICT JUDGE |